Filed 4/19/21  P. v. McCurdy CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DONALD LEE MCCURDY,<br><br>        Defendant and Appellant. | E076031<br><br>(Super.Ct.No. BAF2000015)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County. Timothy J. Hollenhorst, Judge. Affirmed.

Donald Lee McCurdy, in propria persona; and Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Donald Lee McCurdy appeals the trial judge's decision to revoke his probation. His attorney filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S 738 (*Anders*) saying they were unable

1

to identify any errors and asking us to perform an independent review of the record. McCurdy filed a personal supplemental brief arguing the trial judge erred by relying on unproven allegations and by preventing him from presenting evidence in his defense. We find no error and affirm.

## I. FACTS

In 2018 McCurdy pled guilty in San Diego County to burglary (Pen. Code, § 459, unlabeled statutory citations refer to this code) and inflicting corporal injury on his spouse (§ 273.5, subd. (a)). The court sentenced him to an aggregate term of five years, but suspended execution of the sentence, placed McCurdy on three years' probation, and ordered he spend one year in custody minus 137 days of custody credit. The court imposed several conditions, including that he follow all reasonable directives of his probation officer. The court also issued a criminal protective order prohibiting him from contacting the victim directly or through a third party.

In 2019 McCurdy successfully transferred his probation to Riverside County.

On April 6, 2020, McCurdy asked his probation officer for permission to leave Riverside County to handle family law matters in San Diego County. The officer told him he wasn't allowed to leave the county unless he had a scheduled court date in San Diego. On April 21, McCurdy called the probation officer and told her he attended a hearing in

San Diego County that day. The officer called the family court in San Diego, and they told her no matters of any kind were calendared for that date.[1]

On May 6, McCurdy again contacted his probation officer, this time for permission to send the victim a Mother's Day card he'd made with their son during supervised visitation. The officer told him not to because the victim had already told the officer she didn't want a card from him. On May 27, McCurdy informed the probation officer that he'd gone ahead and sent the card anyway.

In August 2020 the Riverside County District Attorney filed an allegation of violation of probation alleging McCurdy violated his probation seven times between April 2020 and August 2020. At the hearing, the prosecutor decided to proceed on only two of the alleged violations. The first of these was that McCurdy left Riverside County without permission and against his probation officer's instructions. The second was that he sent the victim the Mother's Day card, again against explicit instructions from his probation officer not to do so.

In October 2020, after hearing testimony from the probation officer and from McCurdy himself, the court found both alleged violations true. The court revoked probation and executed the suspended five-year sentence.

McCurdy timely appealed the court's order revoking his probation.

---

[1] Though neither side introduced evidence about why there were no matters calendared, the trial judge noted it was consistent with the emergency social distancing measures courts implemented during the beginning months of the COVID-19 pandemic.

## II. ANALYSIS

We appointed counsel to represent McCurdy on appeal, and counsel has filed a *Wende*/*Anders* brief, setting forth a statement of the case, a summary of the facts and potential arguable issues, and asking us to conduct an independent review of the record. Defense counsel's brief raised one potential issue for our consideration: whether the trial judge abused his discretion by revoking probation.

McCurdy is not entitled to our independent review under *Wende/Anders* because such review is required only in the first appeal of right from a criminal conviction, and an appeal of an order revoking probation is not such an appeal. (See *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501; *People v. Cole* (2020) 52 Cal.App.5th 1023, 1038-1040, review granted Oct. 14, 2020, S264278.) "However, if the defendant files a supplemental brief, the Court of Appeal is required to evaluate any arguments presented in that brief and to issue a written opinion that disposes of the trial court's order on the merits (that is, by affirming, reversing or other like disposition)." (*People v. Cole*, at p. 1040.)

We offered McCurdy an opportunity to file a personal supplemental brief, and he did so. He appears to make two arguments. First, he argues the trial judge erred by taking notice of allegations which were not at issue at the contested probation violation hearing. Specifically, he points to the trial judge's statement that "there are many other allegations that were noted by the probation department in terms of violations that Mr. McCurdy allegedly made. I won't be sentencing him today on those violations but I'm taking notice

4

of them." Second, McCurdy argues he was deprived of the opportunity to present evidence and testimony in his favor.

"Sentencing choices such as the one at issue here, whether to reinstate probation or sentence a defendant to prison, are reviewed for abuse of discretion. 'A denial or a grant of probation generally rests within the broad discretion of the trial court and will not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary or capricious manner.' [Citation.] A court abuses its discretion 'whenever the court exceeds the bounds of reason, all of the circumstances being considered.' [Citation.] We will not interfere with the trial court's exercise of discretion 'when it has considered all facts bearing on the offense and the defendant to be sentenced.' " (*People v. Downey* (2000) 82 Cal.App.4th 899, 909-910.)

The trial court did not abuse its discretion by ordering McCurdy serve his sentence rather than have his probation reinstated. Setting aside the unproven allegations and looking just at the two proven violations, it was not an abuse of discretion to conclude McCurdy was not a good candidate for reinstatement of probation. Both of the proven violations involved a similar set of facts: McCurdy seeking permission to do something, being told he could not, and doing it anyway. These were willful violations of direct, lawful orders, and a clear demonstration that McCurdy didn't respect the terms and conditions of his probation or his probation officer's directives. Regardless of whether it was proper for the trial judge to also "take notice" of unproven allegations, it didn't abuse its discretion by revoking McCurdy's probation based on the two proven violations.

Nor was McCurdy denied an opportunity to present evidence and testimony in his favor. Indeed, he testified on his own behalf. His argument for error is that while testifying he was repeatedly admonished to only answer the question posed, and both his counsel and the judge interrupted him multiple times when he tried to go beyond the scope of the question. In addition, he apparently tried to get the judge's attention at various times during the hearing by raising his hand. He argues the judge telling him to put his hand down and refusing to hear from him was error. He is wrong. These actions—admonishing a testifying witness to stick to relevant testimony and prohibiting a witness from speaking out of turn—are not only permissible exercises of the court's inherent power to manage the cases before it, but in many cases, necessary to properly manage a hearing. (See Pen. Code, § 1044 ["It shall be the duty of the judge to control all proceedings during the trial, and to limit the introduction of evidence and the argument of counsel to relevant and material matters, with a view to the expeditious and effective ascertainment of the truth."]; Evid. Code, § 765 ["The court shall exercise reasonable control over the mode of interrogation of a witness so as to make interrogation as rapid, as distinct, and as effective for the ascertainment of the truth."].)

McCurdy also seems to argue his attorney was constitutionally deficient because she didn't obtain exonerating evidence or allow him to present that evidence. But McCurdy makes no showing of what that evidence might be. "[A] reviewing court will reverse a conviction on the ground of inadequate counsel 'only if the record on appeal affirmatively discloses that counsel had no rational tactical purpose for his [or her] act or

6

omission.' " (*People v. Frye* (1998) 18 Cal.4th 894, 979-980, disapproved on another ground by *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.) "To the extent the record on appeal fails to disclose why counsel acted or failed to act in the manner challenged, we will affirm the judgment 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation . . . .' " (*People v. Bolin* (1998) 18 Cal.4th 297, 333.)

The record here is silent about why McCurdy's counsel didn't allow him to testify as freely as he wished to, or why she didn't allow McCurdy to present whatever evidence he claims to have. Nor has McCurdy affirmatively demonstrated that there could be no rational tactical basis for the decision. Given the silent record, we are compelled to conclude McCurdy's representation was constitutionally sufficient.

### III.  DISPOSITION

We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH            
J.

We concur:


MILLER          
Actin P. J.


RAPHAEL         
J.